UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAVEN DUNCAN, | No. 2:18-cv-01174-KJM AC |
| Plaintiffs, | |
| v. | ORDER |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al., | |
| Defendants. | |

In this insurance coverage case, plaintiff moves to remand on the basis that the amount in controversy does not meet the jurisdictional minimum. For the reasons below, the court DENIES the motion.

I.     LEGAL STANDARD

A motion to remand is the proper procedure to challenge a removal based on lack of jurisdiction. *See* 28 U.S.C. § 1447(c).[1] Removal is only proper when (1) the case presents a

---

[1] "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. . . ."

1

federal question or (2) there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a).

The amount in controversy is an "estimate of the total amount in dispute." *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (citation omitted). In this circuit, when the amount of damages is unspecified, the removing party must show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *Id.* at 397; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) ("Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the jurisdictional amount]."). To determine if the amount in controversy is met, the district court considers the complaint, allegations in the removal petition, and "summary-judgment-type evidence relevant to the amount in controversy," *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (citation omitted); *see also Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 788 (9th Cir. 2018) (clarifying amount in controversy not limited to amount at time of removal, at least with respect to future attorneys' fees), as well as evidence filed in opposition to the motion to remand, *Lenau v. Bank of Am.*, N.A., 131 F. Supp. 3d 1003, 1005 (E.D. Cal. 2015) (citing *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.1 (9th Cir. 2002) (per curiam)). Ultimately, "[w]here doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (citation omitted).

II. DISCUSSION

Plaintiff, Raven Duncan, does not specify an amount of damages in her complaint. Compl, ECF No. 1, at 12. Therefore, defendant must show it is more likely than not that the total amount in dispute exceeds $75,000.

In the complaint, plaintiff alleges defendant breached the parties' contract and the covenant of good faith and fair dealing when it denied plaintiff's insurance claim after her vehicle was stolen. *Id.* ¶¶ 18–37. Plaintiff alleges the value of her vehicle was $33,000. *Id.* ¶ 21. In addition to compensatory damages, plaintiff asks for punitive damages, emotional and mental distress damages, and attorneys' fees. *Id.* at 12.

2

A. <u>Punitive Damages</u>

Defendant argues plaintiff's claim for emotional distress and punitive damages causes the amount in controversy to exceed $75,000. ECF No. 14 at 6. Punitive damages may be considered in amount in controversy calculations if they are recoverable under state law. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) (citing, *inter alia*, *Bell v. Preferred Life Assur. Society*, 320 U.S. 238, 240 (1943)). In California, punitive damages are recoverable for implied breach of covenant claims, such as plaintiff's second claim for violation of the covenant of good faith and fair dealing. *Campbell v. Hartford Life Ins. Co.*, 825 F. Supp. 2d 1005, 1008 (E.D. Cal. 2011) (citing Cal. Civ. Code § 3294).

"When assessing the probable amount of unspecified punitive damages for jurisdictional purposes, courts may look to verdicts in analogous cases as a reasonable approximation." *Id.* (citing *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002)). Defendant has identified only one similar case decided by a district court in the Ninth Circuit in which plaintiff's breach of contract damages were relatively small, and a jury awarded punitive damages in excess of the jurisdictional minimum. Opp'n at 9–10 (citing, *inter alia*, *McCoy v. Progressive West Insurance Company*, 2007 WL 2068578 (Mar. 29, 2007) (jury awarded $17,175 on breach of contract and $100,000 in punitive damages)). The other cases defendant cites either do not involve punitive damages or do not contain enough information to determine what portion of the judgment was for punitive damages specifically. *See* Ellingson Decl., Ex. 2–7. Moreover, defendant has not articulated why the "*particular facts* that are alleged in the instant case might warrant extraordinary damages." *Scalzo v. Allied Prop. & Cas. Ins. Co.*, No. 1:11-CV-00612 LJO, 2011 WL 2709001, at *3 (E.D. Cal. July 11, 2011) (emphasis in original) (citation omitted), *report and recommendation adopted*, 2011 WL 3418806 (E.D. Cal. July 27, 2011). The record here is insufficient for the court to find that the amount in controversy is met by a preponderance of the evidence based on punitive damages.

B. <u>Emotional Distress Damages</u>

To establish the requisite amount in controversy through emotional distress damages, the defendant bears the same burden as above for punitive damages. *Cain v. Hartford*

3

| | |
|---|---|
| 1 | *Life & Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (2012) (defendant may show emotional distress |
| 2 | damages will satisfy jurisdictional threshold by preponderance of evidence by analogizing to |
| 3 | verdicts in other similar cases). When sufficiently analogous to the case at hand, "settlements and |
| 4 | jury verdicts in similar cases can provide evidence of the amount in controversy." *Mireles v.* |
| 5 | *Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1055 (C.D. Cal. 2012) (citations omitted). |
| 6 |       Of the cases defendant cites, two involve jury awards in which emotional distress |
| 7 | damages were independently quantified. Opp'n at 9–10 (citing *White v. Geico Indemnity Co.,* 13 |
| 8 | Trials Digest 17th 17, 2014 WL 1394317 (Cal. Super. Ct. Mar. 18, 2014); *Martinez v. Mercury* |
| 9 | *Ins. Co.*, 30 Trials Digest 17th 28, 2014 WL 3845738 (Cal. Super. Ct., June 16, 2014)). One of |
| 10 | those awards was overturned on appeal, *Martinez v. Mercury Ins. Co*., No. B261003, 2016 WL |
| 11 | 4446576, at *6–7 (Cal. Ct. App., Aug. 24, 2016) (unpublished) (reversing award of $600,000 for |
| 12 | emotional distress damages). The court looks to the remaining case*, White*, as well as an additional |
| 13 | case defendant cites in which plaintiff's claim for the value of his 2001 Dodge Ram pickup truck and |
| 14 | emotional distress damages was settled for $190,000. *Cortez vs. Farmers Insurance Exchange*, 15 |
| 15 | Trials Digest 10th 8, 2007 WL 968427, at *1–2 (Cal. Super. Ct. Jan. 3, 2007); *see also White v. Geico* |
| 16 | *Indemnity Co.,* 2014 WL 1394317, at *1–2 (Cal. Super. Ct. Mar. 18, 2014) ($326,000 in emotional |
| 17 | distress damages awarded where plaintiff's small claim for vehicle damage wrongfully denied and |
| 18 | plaintiff sought treatment for emotional distress). These cases, in which defendants denied insurance |
| 19 | claims for vehicle-related loss based on the allegedly erroneous conclusion plaintiff made material |
| 20 | misrepresentations, are adequately analogous to the case at hand to signal that emotional distress |
| 21 | damages are likely to exceed $42,000 if plaintiff is successful here. *See Cain v. Hartford Life & Acc.* |
| 22 | *Ins. Co*., 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012) (finding three somewhat analogous cases |
| 23 | showing emotional distress damages sufficient to meet preponderance of the evidence standard for |
| 24 | amount in controversy). Accordingly, defendant has shown by a preponderance of the evidence that |
| 25 | the amount in controversy exceeds $75,000, including $33,000 for compensatory damages and more |
| 26 | than $42,000 for emotional distress damages. |
| 27 | |
| 28 | |

C. Attorneys' Fees

Because the court has determined the amount in controversy meets the jurisdictional minimum on the basis of plaintiff's potential emotional distress damages, the court need not reach the question whether plaintiff's prospective attorney's fees would also be sufficient.

III. JUDICIAL ADMISSION

Defendant also argues the court should deny the motion to remand, because plaintiff signed the Joint Status Report, which stated the amount in controversy is over $75,000. Mot. at 1; JSR, ECF No. 3, at 3, 5. The court also need not reach this issue, because it denies the motion to remand for the reasons stated above.

IV. CONCLUSION

The motion to remand is DENIED. This order resolves ECF No. 8.

IT IS SO ORDERED.

DATED: November 20, 2019.

_____
UNITED STATES DISTRICT JUDGE